**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL HILL, on his own behalf
and others similarly situated,

        Plaintiff,

vs.                                       CASE NO. 3:08-cv-80-J-33TEM

CODY JACK'S, INC., a Florida
Corporation,

        Defendant.
_____

## O R D E R

This cause is before the Court on Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Doc. #8). Defendant has not responded to the motion for default judgment. This matter has been referred to the undersigned for issuance of a report and recommendation to the District Judge.

Defendant, who appears to have been properly served (*see* Doc. #5), has not filed an appearance in this action. The Clerk entered a default against Defendant upon motion and it appears that Plaintiff's Motion for Entry of Default Final Judgment is due to be granted. The Court, however, must calculate the damages award due Plaintiff. While his counsel has provided sufficient evidentiary support upon which the Court can reasonably calculate the amount of attorney's fees and costs to award (*see* 29 U.S.C. § 216(b), authorizing attorney's fees and costs to the prevailing party in an Fair Labor Standards Act ("FLSA") action), the undersigned finds Plaintiff's current affidavit fails to supply the undersigned with "a just and reasonable inference" upon which to calculate the amount of

unpaid wages.  *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993) (citation omitted).  Although proof of damages may be put forth by affidavit in a case where the defendant holds the records upon which more exacting calculations might be made, *Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *2-3 (S.D.N.Y. Jan. 7, 2004), the Court is not required to accept such evidence unquestioningly.  *Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1269, 1290 (M.D. Fla. 1999).

Here, further inquiry seems appropriate if the Court is to exercise its duty to make calculations which are "just and reasonable" since Plaintiff's affidavit (Doc. #8-3) is vague.  *See Caro-Galvan*, 993 F.2d at 1513.  Specifically, Plaintiff states in the fourth paragraph of his affidavit that "from *approximately* July 2007 until October 2007 (16 weeks), I *generally* worked five (5) days per week, and *occasionally* on weekends, totaling *approximately* fifty (50) hours per week" (Doc. #8-3 at 1) (emphasis added).  Accordingly, the undersigned will defer issuing a report and recommendation so that Plaintiff may have an opportunity to supplement his evidence.  Without specifically directing what form such supplementation should take, the undersigned notes that any records documenting Plaintiff's employment with Defendant (such as pay stubs, tax returns, time sheets, etc.) might help support Plaintiff's claim, as would an affidavit that contains more detail regarding the hours allegedly worked.  **Plaintiff shall provide any such supplementation no later than November 3, 2008**.

While Plaintiff is supplementing his proof, the undersigned will permit Defendant a further opportunity to participate before judgment is entered.  Therefore, Plaintiff is directed to serve a copy of this Order and Plaintiff's Motion for Entry of Default Final Judgment (Doc.

#8) on Defendant, and file a certificate of such service forthwith.  **Defendant shall file and serve any response to this motion, as supplemented, no later than December 1, 2008**. Defendant is advised that its failure to make an appearance and be heard on these matters by December 1, 2008 will likely result in the entry of judgment against it without further notice.

      **DONE AND ORDERED** at Jacksonville, Florida this 14th day of October, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
The Honorable Virginia M. Hernandez Covington,
all counsel of record, and

Mark J. Reinhardt, Registered Agent,
Cody Jack's, Inc.
650 N. U.S. Hwy. 27, Suite 7
Minneola, Florida 34715